The Honorable Court, all rise. The Honorable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may draw near, give their sentence, and they shall be heard. God save the United States of America and this Honorable Court. Good morning. Please be seated. The Court is in session. Today's cases will be called, as previously announced, and the time is allotted to counsel. The first case today is number 221057, United States v. Elvins-Sylvestre. At this time, would counsel for the appellant introduce himself on the record to begin? Good morning. Attorney William O'Neill representing the appellant, Elvis Sylvestre. Judge Kayyad, I'd respectively request some time for rebuttal for the argument. Sure. Two minutes, sir. That would be sufficient, yes. Thank you. May it please the Court, my name is William O'Neill. I represent Elvis Sylvestre. I was Elvis Sylvestre's trial counsel in the district court. Mr. Sylvestre is aggrieved by the 132-month sentence he received in the district court after trial on these matters. In its brief, Mr. Sylvestre argued that the sentence imposed was both procedurally and substantively unreasonable. And with respect to the standard of proof as it pertains to the issue of procedural error, I concede as counsel for Mr. Sylvestre that at this point in time, the standard of proof is plain error rather than abuse of discretion as argued in my brief. Although there was an objection at the end of the sentencing hearing to the sentence, I can't say anything other than that was a general objection without any specifics as to the district judge's findings. So I believe that the standard of proof with respect to the procedural error claim would be plain error. So just to pin it down, you're saying the court plainly erred in not giving an adequate explanation? Is that your primary procedural argument? Procedurally, yes, Judge, but I understand that's going to be a tough mountain to climb based upon the standard in this particular case. The judge had originally found, I think probation originally found a sentencing guideline of 77 to 96 months, but after objections filed by trial counsel, the actual sentencing guideline range was reduced to 33 to 41 months on the group one counts, which would be felon in possession of a firearm and the two drug counts, followed by a 60-month sentence on the possession of a firearm in furtherance of a drug trafficking operation, Judge. So at the time of the sentencing, we had a guideline range, putting the two together, of anywhere between 93 months and 101 months, and in this particular case, the judge imposed a sentence. It was clear that the court was concerned about your client's prior record and recidivism, and I thought that that came through pretty clearly in the explanation. What are you saying was defective in that explanation? At this point in time, Judge, I think it was clear that Judge Mastrianni was very concerned about Mr. Silvestri's prior record, especially the fact that he had been convicted and served a sentence of 57 months for the felon in possession out of another district court and voiced his concern over the safety of the community. I can't argue that that was not made clear by the judge's findings in this case. So are you contending there's any plain error? I am not. I was going to plan to move on to the substantive reasonability of the case at this point and not press the procedural error argument. With respect to whether the sentence was substantively unreasonable, Mr. Silvestri claims that the district court committed clear error of judgment with respect to weighing the 3553A factors, and as the court has already indicated, the district court judge was focused on at least two factors of that statute. One was the need to protect the public from further crimes of Mr. Silvestri and then the need to afford adequate deterrence of his criminal conduct. And as indicated, yes, that was made clear by the judge. However, there was other information provided to the district court judge at the time of the sentencing, and that dealt specifically with Mr. Silvestri in terms of the fact that Mr. Silvestri has indicated on the record that he lived a very difficult life almost from the get-go. And the argument is that the district court judge did not properly weigh other factors in 3553, specifically his history and characteristics, his need for educational, vocational training, medical care, or other correctional treatment. The district court received sufficient information, or significant information, I would say, about the abandonment of Mr. Silvestri by both parents when he was an infant. The fact that his grandmother, who subsequently adopted him, raised him and his brother in very difficult circumstances. The violence that was so much a part of Mr. Silvestri's life from a very young age, starting with the murder of his father on the streets of New York when Mr. Silvestri was seven, as well as... The court recognized that he had had a difficult life. Yes, Judge. And expressly mentioned that. Was there some argument presented below that there was some alternative option that would have better served the interests of justice than what the judge came up with? In other words, did you give some options for what different kind of sentence would have been more appropriate? Only in the sense of a lesser sentence, Judge. As you probably are aware, the sentence recommended by Mr. Silvestri was one day on the first group of counts, followed by a 60-month sentence. We were dealing with a situation where he was required to serve a 60-month sentence on the possession of firearm on furtherance of a drug-trafficking crime. And therefore, there wasn't much other than a shorter sentence, as contemplated by the judge, that we could give, other than probably vocational training, which he indicated he was looking for, and further medical treatment. But the fact is, he would have served five years in the Bureau of Prisons before he was eligible for release, based on the guilty finding on that charge, Judge. So in terms of what other factors or other alternatives were given, I can tell you the only thing that was really proposed was a sentence much less than the guidelines at that point. So at base, your proposition is that the judge committed no procedural error that we can rely on, considered the factors that have been brought here, but weighed them in a way that you think is substantively improper. That's correct, Judge. That's a tough road to hoe. I'm sorry? That's a tough road to hoe. It is a tough road to hoe, and that is the argument. The information was presented about his upbringing, his life, but I don't dispute that Judge Mastriani made it fairly clear that his concern was safety, the community, and proper deterrence. In a sense, he basically indicated this is enough, and that Mr. Silvestri simply hadn't learned from his prior sentences the need to conform his acts with societal norms. With that said, I'd like to move on to the second point, which dealt with the search warrant in this particular case. And the search warrant in this case was issued by a state court magistrate based upon information from a confidential informant in this case. There was a hearing in the district court related to the motion to suppress, and the district court found probable cause, and in its findings on the record indicated that it wasn't even a close call, that the district court judge was satisfied by a fair amount that there was probable cause to issue the search warrant in this case. Well, it's the seven buys that issued. Didn't law enforcement actually witness the second and fifth buys? So that's the crux of my argument in this case, Judge Kayada, is that there are seven controlled buys by the confidential informant. And it's a fairly detailed affidavit in general, but the one point that I tried to make in the brief is that for each of those buys, as I read them, the police would provide, would search the confidential informant, would provide the confidential informant with buy money prior to sending him to the location. Now, there were different locations. Some were unspecified locations where the buys were to take place, and I think there were two others at the address at 140 Wacona Street, which is the address where the search warrant was executed. In each of those, they specifically described searching the informant, giving him the buy money, and following him or surveilling him to the location where that buy took place. But after those particular buys took place, it's unclear to me in reading the search warrant affidavit whether law enforcement actually followed the informant from the point of the location where the sale took place to wherever they met with the officers, Judge. My question concerns buys two and five. As I understand it, and correct me if I'm wrong, but as I understand it from the record, law enforcement actually witnessed those two buys. I think I agree with you that they were observing the actual point of the location, Judge. It's not clear to me that they actually observed a transaction, and I understand that the magistrate is required to make reasonable inferences of what's in the affidavit. What I read was that they observed Mr. Silvestri leaving the address, 140 Wacona Street, driving to the location where he met with the CI, and then the CI makes his way back to the officer's vehicle. So I guess one could infer they saw a transaction. It's not specific in the affidavit that they actually witnessed a transaction, like they saw anything being exchanged by Mr. Silvestri. They knew the CI actually did, after he was loaded up, go and meet with the defendant. Yes. And whether he was, perhaps he was handing him talcum powder, but that would be quite speculative given what they just gave him. Right. But my reading of the affidavit with respect to those particular controlled buys was that they saw them meet, but there's nothing specific as to what took place. They just saw them meet, and I don't know whether you can infer that there was an actual transaction that took place. Was there any evidence that your client had any other reason to meet with the CI? There was no other evidence presented during the motion hearing or at the trial as to any other reason, and really at the trial there was no evidence of those meetings, Judge. The only other inference you can make is that somehow he ditched the money that was provided to him to buy the drugs and that he got drugs elsewhere. Yes. I mean, is that a reasonable inference given everything else we know about the case? Or even everything else that was contained in the request for the search warrant? I understand that we have to look at a search warrant in its totality, and it's fairly specific, but with respect to specific observations made by the CI and reported to law officers, there are certain things there. Not a whole lot was corroborated by law enforcement. There was mention of the CI indicating that there was a gas station used to make transactions. There's no corroboration of that. The CI mentioned additional individuals being present at the locations. There was no confirmation of those people being there. And with respect to the actual controlled buys and the observations from the point after the transaction is made, if you look at the affidavit just before the specifics of each controlled buy, there's a description of what a controlled buy is like. And they indicate, or the affine indicates, that a controlled buy consists of what we've already talked about plus officers following the informant from the location to the debriefing point. And my point in this case is that that's absent from the affidavit, Your Honors. Thank you, Mr. O'Neill. Thank you. Thank you, Counsel. At this time, would an attorney for the United States please introduce herself on the record to begin? Good morning. I'm pleased to report Karen Eisenstadt for the United States. I'd like to first address the issue of the variance in the sentence. The court provided a plausible sentencing rationale, and a fairly detailed one. He explained that Mr. Silvestre's Guidelines Criminal History calculation significantly understated what was necessary for a specific deterrence of this defendant and the risk that he posed to the public and explained the reason was because Guidelines Criminal History points do not capture the types and nature of the prior offenses, and specifically here, this defendant's serious pattern of criminal conduct involving firearms. Are you arguing a procedural or substantive issue concerning the sentence? This is with respect to the claim of substantive reasonableness. It sounds like the defense has withdrawn the claim as to procedural reasonableness. This pattern of criminal conduct included violent offenses, robbery at gunpoint, attempted murder in which the victim had been shot, state weapons charges, and, of course, the identical felon in possession offense for which he had received a 57-month sentence and then ultimately another six months for a violation of supervised release, which had clearly failed to deter him from committing this offense. As the district court observed, there is a point at which a person gets it about not being permitted to have firearms and being able to live safely in the community, and this defendant clearly had not reached that point. This was a plausible sentencing rationale, rendering the resulting defensible sentence of 72 months as substantively reasonable. Also, as Judge Thompson pointed out, the district court specifically and explicitly addressed each mitigating factor that the defendant brought up and expressed sympathy for those factors and explained why the court felt that those did not outweigh the concerns about deterrence and danger. As this court has said before, the mere fact of a defendant's disagreement with the district court's balancing of various aggravating and mitigating factors does not constitute a valid ground for appeal. As to the search warrant, the defendant's arguments are in the vein of why the search warrant didn't provide proof beyond a reasonable doubt, but that's not the standard for a search warrant. We're looking at a fair probability here, and as this court has said, in the Garcia case and the Coon-Savah case, even one slightly imperfect controlled buy is compelling corroboration of a confidential informant's reliability, and here we had seven of them, including two in which, as Judge Chioda pointed out, the police actually saw Mr. Silvestri meeting with the confidential informant, and, of course, a transaction must have taken place as the confidential informant later had no money and did have drugs. There are also five buys that were associated with the location of the search, which is 140 Wacona Street, three that occurred actually in that apartment, and, of course, there is additional information in the search warrant independently associating the defendant with the location. So that was more than sufficient. As the district court said, it's not close. There was probable cause for the search. If the court has no further questions about those issues or the sufficiency issue, the government will rest on its brief. Thank you, Ms. Eisenstadt. Thank you. Thank you, counsel. At this time, Mr. O'Neill, please reintroduce yourself on the record. To begin, you have a two-minute rebuttal. Attorney William O'Neill representing the appellant Elvis Silvestri. Based upon the argument by the government and previous arguments made by me, I would waive any further argument and rest on my previous argument in the briefs. Thank you, Mr. O'Neill. Thank you, judges. Thank you, counsel. That concludes argument in this case.